THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DON KOMARECHKA, an individual,<br>        Plaintiff,<br><br>vs.<br><br>RBAR, LLC, BRANDON CAPRIA and TANYA CAPRIA,<br><br>        Defendants. | CASE No.: 9:26-cv-00208-BHH<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Don Komarechka ("Komarechka"), alleges and states his claims against the defendants, as follows:

## JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over defendant BRANDON CAPRIA ("Brandon") by virtue of his residing and doing business in this district.

3. This Court has personal jurisdiction over defendant TANYA CAPRIA ("Tanya") by virtue of her residing and doing business in this district.

4. This Court has personal jurisdiction over defendant RBAR, LLC ("RBar") because its headquarters is located in and it does business in this district.

5. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

## PARTIES

6. Komarechka is professional freelance photographer who is a citizen of Canada and currently residing in Bulgaria.

7. According to the South Carolina Secretary of State's records, RBar, LLC is a South Carolina company doing business at 70 Pennington Drive, Suite 1,

Bluffton, SC 29910; it may be served through its registered agent, Brittney Barron, at the same address.

8. Upon information and belief, but not the South Carolina Secretary of State records, Brandon is a managing member and officer of RBar; he may be served at the same address as RBar.

9. Upon Information and belief, but not the South Carolina Secretary of State records, Tanya is a managing member and officer of RBar; she may be served at the same address as RBar.

## FACTS

10. Komarechka is an independent, professional photographer who creates photographs that often display nature in uniquely artistical ways and which he licenses to others for use.

11. On January 13, 2015, as a part of an on-going personal project, Komarechka created, was the author of, and at all times owned the copyrights to photographs of individual snowflakes, including the photograph at issue here (the "Photo"):



12. Komarechka first published the Photo when he posted it to his Flickr account at https://www.flickr.com/photos/donkom/16088968628, on or about

January 14, 2015, and offered it for licensing.

13. Komarechka registered the Photo, with others, with the U.S. Copyright Office ("USCO"), including it in the deposit copies for this registration and on the required list of titles supplied to the USCO.

14. Komarechka received Certificate of Registration number VA2-429-215, with an effective date of October 26, 2024; a true copy of which is shown in Exhibit A, attached.

15. Komarechka has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq*., as amended, and all other laws and regulations governing copyrights with respect to the Photo.

16. Komarechka has never granted an exclusive license for any rights in and to the Photo.

17. Komarechka does not usually permit his licensees to sublicense or otherwise license out his work, except on rare occasions and only with express written permission; there is no such permission as to the Photo.

18. On or about February 10, 2025, via a reverse image search, Komarechka discovered that RBar had reproduced and displayed the Photo on its social media, specifically on Facebook at https://www.facebook.com/photo.php?fbid=1157631536369273&set=pb.100063673114740.-2207520000; and on Instagram at https://www.instagram.com/p/DFIQwnNNmtT/, using it in a commercial manner, as seen in the examples shown in Exhibit B, attached.

19. Komarechka did not license or otherwise authorize RBar to reproduce, display, or in any other manner use his Photo.

20. Komarechka first discovered Rbar's illicit reproduction, display, and distribution of the Photo on or about January 20, 2025; thus, his claims are well within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

21. Komarechka's licenses for similar online use start at $700.00 USD per

photograph.

22. On February 11, 2025, Komarechka, through counsel, emailed RBar a cease-and-desist letter to rbarbluffton@gmail.com; the letter included an offer to settle.

23. Komarechka did not receive a response to that email; however, the Photo was removed from the Facebook use, but not the Instagram use.

24. On February 14, 2025, counsel followed-up with an email to the same address, pointing out that the Facebook use had stopped but not the Instagram use.

25. Shortly thereafter, the Instagram use stopped as well.

26. Komarechka's counsel sent follow-up emails and received no replies.

27. On February 27, 2025, counsel sent a print letter via USPS Priority Mail with tracking to RBar; it was confirmed delivered on March 4, 2025.

28. On March 13, 2025, Komarechka's prior counsel missed a call from someone from Bluffton, South Carolina; no voicemail was left.

29. That same day, prior counsel received email from RBar's gmail address with a short confirmation of the call, signed only "Brandon."

30. Prior counsel replied that, since she received threats from unrepresented parties, she doesn't speak directly with unrepresented parties and that she had no idea who "Brandon" was since that name did not appear on the official filings with the state of South Carolina; she asked for documentation or additional information identifying "Brandon."

31. "Brandon" replied via email but did not provide any of the requested information.

32. Komarechaka's prior counsel followed up several additional times, explaining via email that the matter was not closed.

33. Defendants did not respond.

34. In a final attempt to discuss settlement with Defendants, on June 11, 2025 counsel sent a letter with a copy of a draft complaint to be filed in this matter, via

the USPS, priority mail with delivery confirmation; delivery was confirmed to have occurred.

35. The letter stated that if a reasonable and good-faith offer was not received before 12p.m. (noon) PDT, June 30, 2025, the draft would be finalized and filed.

36. No response was received prior to the filing of this complaint.

37. One final attempt to resolve the dispute was made just prior to the filing of this Complaint. Unfortunately, Defendants did not respond to or otherwise accept Plaintiff's settlement offer.

## FIRST CAUSE OF ACTION
### (Copyright Infringement by RBAR, LLC)

38. Komarechka re-alleges and incorporates by reference Paragraphs 1 through 34 above.

39. RBar obtained the Photo online, reproduced it exactly, then displayed it entirely on its websites.

40. RBar has not compensated Komarechka for its reproduction and display, and commercial use of the Photo.

41. RBar's conduct violates the exclusive rights belonging to Komarechka as owner of the copyright in the Photo, including without limitation, Komarechka's exclusive rights under 17 U.S.C. § 106.

42. As a direct and proximate result of its wrongful conduct, RBar has realized and continues to realize profits and other benefits rightfully belonging to Komarechka for the Photo. Accordingly, Komarechka seeks an award of actual and/or statutory damages pursuant to 17 U.S.C. § 504.

43. Since the effective date of the Photo's copyright registration preceded the infringements complained of here, the registration is timely under 17 U.S.C. § 412; therefore, Komarechka is entitled to statutory damages for RBar's infringement of the Photo, as well as attorneys' fees and costs, under 17 U.S.C. §§ 504 and 505.

44. The Photo, where it appears legitimately, contain credit lines, metadata,

and other information identifying that the Photo is protected and not free to use.

45. Because the uses online included such information, RBar had actual and constructive notice that the Photo was specifically protected by copyright and not free to use.

46. RBar displays many photographs on its website and social media and therefore either understands the need to license photographs or ignores the copyright status of all the photography it uses.

47. Therefore, RBar understands copyright or it systematically ignores the copyright status of the photographs it reproduces and displays.

48. Since RBar reproduction and display of the Photo was done (1) with actual knowledge such use was unauthorized, and/or (2) with recklessness as to the Photos' copyright status, the infringement was willful; Komarechka is therefore entitled to and seeks the recovery of enhanced statutory damages for RBar willful infringement of the Photo, under 17 U.S.C. § 504.

## SECOND CAUSE OF ACTION
### (Vicarious Infringement by Brandon Capria)

49. Komarechka re-alleges and incorporates by reference Paragraphs 1 through 49, above.

50. As member and officer of RBar, Brandon had both a legal right to stop or limit the directly infringing conduct of RBar reproduction and display of the Photo and the practical ability to do so.

51. Additionally, Brandon gained a direct financial benefit from its direct infringement via, at minimum, saving the cost of licensing the Photo, as well as increased customer goodwill, and sales derived from that goodwill and increased equity value, generated from the illicit use of the Photo.

52. As such, Brandon had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity; therefore, Brandon is vicariously liable, jointly and severally with RBar, for the direct

infringement here.

53. As a direct and proximate result of Brandon's vicarious infringement, Komarechka has suffered injuries and damages.

## THIRD CAUSE OF ACTION

### (Vicarious Infringement by Tanya Capria)

54. Komarechka re-alleges and incorporates by reference Paragraphs 1 through 49, above.

55. As member and officer of RBar, Tanya had both a legal right to stop or limit the directly infringing conduct of RBar reproduction and display of the Photo and the practical ability to do so.

56. Additionally, Tanya gained a direct financial benefit from its direct infringement via, at minimum, saving the cost of licensing the Photo, as well as increased customer goodwill, and sales derived from that goodwill and increased equity value, generated from the illicit use of the Photo.

57. As such, Tanya had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity; therefore, Tanya is vicariously liable, jointly and severally with RBar, for the direct infringement here.

58. As a direct and proximate result of Tanya's vicarious infringement, Komarechka has suffered injuries and damages.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. Declare that the RBar's unauthorized conduct violates Komarechka's rights under common law and the Federal Copyright Act;
2. Order that RBar directly infringed on Komarechka's copyright in and to the Photo and is liable for the infringement;
3. Order that RBar's infringement was legally willful;

4. Order that Brandon Capria is vicariously liable, jointly and severally with RBar, for its direct infringement of Komarechka's copyright in and to the Photo;
5. Order that Tanya Capria is vicariously liable, jointly and severally with RBar, for its direct infringement of Komarechka's copyright in and to the Photo;
6. Order Defendants to account to Komarechka for all gains, profits, and advantages derived by Defendants due to their infringements of Komarechka's copyrights in and to the Photo; or such damages as are proper;
7. Award Komarechka profits and actual damages in such amount as may be found under 17 U.S.C. § 504 (b) for Defendants' infringing the copyrights in the Photo;
8. Alternatively, award statutory damages in the amount of $25,000, under 17 U.S.C. § 504 (c)(1); or such other amount as may be proper under 17 U.S.C. § 504;
9. Upon a finding that Defendant(s) willfully infringed Komarechka's copyrights in the Photo, award Komarechka statutory damages in the amount of $100,000, under 17 U.S.C. § 504 (c)(2); or such other amount as may be proper under 17 U.S.C. § 504;
10. Award Komarechka his costs, reasonable attorney's fees, and disbursements in this action, under 17 U.S.C. § 505;
11. Enter a permanent injunction enjoining Defendants from engaging in any further acts of copyright infringement of the Photo; and,
12. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing claims.

This 22 day of January 2026.

        Respectfully Submitted,

        KIM AND LAHEY LAW FIRM, LLC

        */s/ Hunter Freeman*
        Hunter Freeman (Fed. ID 9313)
        3620 Pelham Road, PMB 213
        Greenville, SC 29615
        Tel. 864-609-3473
        hfreeman@kimandlahey.com

        *Counsel for Plaintiff*